NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 2 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| QUN YIN, | No. 14-72437 |
| Petitioner, | Agency No. A099-901-647 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2016**

Before:    REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

Qun Yin, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' order dismissing his appeal from an immigration judge's

decision denying his application for asylum, withholding of removal, and relief

under the Convention Against Torture ("CAT").   We have jurisdiction under 8

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act.  *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010).  We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination as to Yin's alleged past harm in China based on inconsistencies between Yin's testimony and declaration regarding his introduction to Christianity and employment history, and based on Yin's implausible responses when confronted with the inconsistencies.  *See Id.* at 1048 (adverse credibility determination was reasonable under the "totality of the circumstances"); *see also Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011) (substantial evidence supported adverse credibility finding where petitioner had ample opportunity to explain contradictions but failed to offer reasonable and plausible explanations).  Substantial evidence also supports the agency's determination that Yin failed to establish a likelihood of future persecution simply on the basis of being a Christian in China.  *See Nagoulko v. INS,* 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution too speculative).  Thus, Yin's asylum and withholding of removal claims fail.  *See Huang v. Holder,* 744 F.3d 1149, 1156 (9th Cir. 2014).

Finally, substantial evidence supports the agency's denial of Yin's CAT claim because it was based on the same testimony found not credible, and the record does not otherwise compel the conclusion that it is more likely than not Yin would be tortured by or with the consent or acquiescence of the government if returned to China. *See id*.

**PETITION FOR REVIEW DENIED**.